Donald L. Bartels (CA Bar No. 65142)
J. Bruce McCubbrey (CA Bar No. 38817)
BARTELS LAW GROUP
P.O. Box 1999
Burlingame, CA 94011
Phone: (650) 477-2950
Facsimile: (650) 579-5938
Email: dbartels@bartelsiplaw.com

Attorneys for Plaintiff
Mountz, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Mountz, Inc.,<br><br>              Plaintiff,<br><br>     vs.<br><br>NORTHEAST INDUSTRIAL BOLTING AND TORQUE, LLC.,<br><br>              Defendant | Case No.:<br><br>**COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT, COMMON LAW TRADEMARK INFRINGEMENT, STATE UNFAIR COMPETITION, AND UNJUST ENRICHMENT**<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1.  This is an action by plaintiff, Mountz, Inc. ("Plaintiff"), for damages, injunctive relief, and attorneys' fees for Defendant's willful misappropriation of and damage to Plaintiffs' registered trademark, "THE TORQUE TOOL SPECIALISTS".

2.  Plaintiff is one of the largest and best-known purveyors of torque tools in North America. Such tools are commonly used in industries like aerospace, automotive, energy, medical, packaging, and others.

3.  Plaintiff has long used several trademarks in the marketing of its goods and services. Plaintiff's distinctive trademarks instantly identify Plaintiff's products to thousands of consumers.

4.  Defendant is improperly seeking to benefit from Plaintiff's substantial investment in the registered mark "THE TORQUE TOOL SPECIALISTS" by selling tools and services under a variation of that mark, "Torque Tool Specialist", and seeks to trade off of the reputation Plaintiff has come to enjoy among consumers.  As a result of Defendant's actions, the value of Plaintiff's trademark is being diminished, and consumers are being misled and confused.  This action seeks injunctive relief and damages for the harm Defendant has caused, and continues to cause Plaintiff.

## JURISDICTION

5.  Subject matter jurisdiction over the claims asserted in this Complaint is based upon:

(i) 28 U.S.C. §§ 1331 and 1338(a) as an action arising under the Lanham Act, 15 U.S.C. § 1121;

(ii) 28 U.S.C. § 1332(a) as an action between citizens of different states where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs; and

(iii) 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367 for those of Plaintiff's claims that arise under state law, based upon the principles of supplemental jurisdiction and as an action asserting a claim for unfair competition joined with a substantial and related claim under the trademark laws.

## VENUE AND INTRADISTRICT ASSIGNMENT

6.  Plaintiff is informed and believes and thereupon alleges that venue of this action is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) in that a substantial part of the events giving rise to the claims herein occurred in this judicial district, including that Defendant transacts business in the State of California and within this district, and has committed acts of infringement and regularly sells the products that are the subject of this action in this district.  Defendant's acts cause injury to Plaintiff within this district.  Pursuant to Local Rule 3-2(c), Intellectual Property Actions are assigned on a district wide basis.

## THE PARTIES

7.   Plaintiff is a corporation organized and existing under the laws of the State of California, with its principal place of business located in San Jose, California.  Since 1965, Plaintiff has done business selling and servicing torque tools and related products.

8.   Plaintiff, in 1992, began using the phrase "THE TORQUE TOOL SPECIALISTS" as a trademark in connection with the sales and marketing of its products and services.

9.   Plaintiff is informed and believes and thereupon alleges that Defendant is a corporation (LLC) organized and existing under the laws of the State of Pennsylvania with its principal place of business located in Allentown, Pennsylvania.  Plaintiff is informed and believes that Defendant sells to the general public, including to consumers who reside in the State of California and the Northern District of California, torque tools and related goods and services.  Defendant also maintains an internet website, www.nibtorque.com, where Defendant's products and services are advertised for sale throughout the United States including this district.

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

10. For more than 23 years, Plaintiff has used the trademark "THE TORQUE TOOL SPECIALISTS" (the "Mark") to identify its goods and services.  On May 11, 1999, Plaintiff was granted U.S. Trademark Registration No. 2,244,332 by the U.S. Patent and Trademark Office ("USPTO") for the Mark.  A copy of the registration certificate for this Mark is attached hereto as Exhibit A.  On January 26, 2005, a Notice of Acceptance under Sections 8 and 15 of the U.S. trademark laws was issued, thereby rendering the Mark incontestable.  A copy of this Notice is attached hereto as Exhibit B.  On July 8, 2009, the registration of the Mark was renewed for an additional ten (10) years.  A copy of this Renewal Notice is attached as Exhibit C.

11. Plaintiff has spent substantial time, effort and money advertising and promoting the Mark continuously throughout the United States and elsewhere since first using it.  Consequently, the Mark

has acquired secondary meaning in that consumers and potential consumers associate the Mark with Plaintiff and the goods and services offered by Plaintiff.

12. Plaintiff operates an Internet Web site (www.mountztorque.com) which generates on average, over 22,000 "hits" from visitors per month. The Mark is incorporated into many of the individual "pages" within this site, and is displayed in association with the merchandise offered for sale on-line by Plaintiff. As a result of the foregoing and similar uses and promotions, the Mark has become a distinctive trademark associated with Plaintiff.

13. Defendant has sought to improperly capitalize on Plaintiff's goodwill and investment in the creation and positive reputation of the Mark. In approximately 2015, Plaintiff became aware that Defendant was selling a product line of tools substantially identical to a product line sold by Plaintiff, and was using the tag line "Torque Tool Specialist" in connection with the advertising of that product line and associated products and services.

14. Plaintiff is informed and believes and thereupon alleges that Defendant chose to use the Mark with the intent and purpose of trading off of the goodwill that the Mark currently enjoys, thereby misleading and confusing consumers. As a result, Plaintiff's reputation is being tarnished and the value and distinctiveness of Plaintiff's Mark are being diminished. Plaintiff is informed and believes and thereupon alleges that, absent the intervention of this Court, Defendant's illegal actions will continue, and Plaintiff and consumers will continue to be harmed.

## COUNT I

## FEDERAL TRADEMARK INFRINGEMENT

### (Lanham Act Section 32(1), 15 U.S.C. § 1114(1))

15. Plaintiff specifically realleges and incorporates by reference paragraphs 1 through 14 of this Complaint.

16. As seen in Exhibit A, the United States Patent and Trademark Office has granted federal trademark registration no. 2,244,332 for Plaintiff's Mark. Plaintiff owns the exclusive trademark

rights and privileges in and to the Mark in the United States as a designation of source and quality for its goods and services. Plaintiff uses the registration symbol "®" on its goods and in advertising associated with the Mark.

17. Defendant is using a copy or colorable imitation of the Mark in a manner that is likely to confuse, deceive, and/or cause mistake among consumers as to the affiliation, connection or association of Defendant with Plaintiff, and/or as to the origin, sponsorship, or approval by Plaintiff of defendant's goods, services, or commercial activities, and therefore is infringing Plaintiff's rights in the Mark in violation of 15 U.S.C. § 1114(1).

18. Defendant's use of its infringing mark enables Defendant to benefit unfairly from Plaintiff's reputation and success, thereby giving Defendant's products sales and commercial value that they would not have otherwise.

19. Plaintiff is informed and believes and thereupon alleges that, prior to Defendant's first use of its infringing mark, Defendant was aware of Plaintiff's business and had either actual notice and knowledge, or constructive notice of, Plaintiff's registered Mark.

20. Plaintiff is informed and believes and thereupon alleges that Defendant's infringement of the Mark as described herein has been and continues to be intentional, willful, and without regard to Plaintiff's rights.

21. Plaintiff is informed and believes and thereupon alleges that Defendant has gained profits by virtue of its infringement of Plaintiff's registered Mark.

22. Plaintiff has no adequate remedy at law for Defendant's infringement of the Mark, in that: (i) the Mark is unique and valuable property, injury to which cannot adequately be compensated by monetary damages; (ii) the damages to Plaintiff resulting from the infringement are not precisely and fully ascertainable; (iii) the infringement injures and threatens to continue to injure Plaintiff's reputation and goodwill; and (iv) the damage resulting to Plaintiff from Defendant's wrongful conduct, and the conduct itself, are continuing, and Plaintiff would be required to bring a multiplicity of suits to achieve full redress for the injuries caused thereby.

23. Unless restrained, Defendant's infringement of the Mark will continue to cause irreparable injury to Plaintiff, both during the pendency of this action and thereafter.  Plaintiff is therefore entitled to an order from this Court preliminarily and permanently enjoining Defendant and its agents, employees and others acting in concert with them, from directly or indirectly infringing the Mark in any manner, including by using any name, mark, design or logo that is confusingly similar to the Mark in connection with the sale, offer for sale, advertising, or promotion of any goods or services.

24. Plaintiff is further entitled to recover damages sustained in consequence of Defendant's wrongful conduct, in an amount to be determined; to recover Defendant's profits; and to recover Plaintiff's attorneys' fees and other costs herein.  Based upon the circumstances of the case, including the willful nature of Defendant's conduct, Plaintiff is further entitled to recover treble the amount found as actual damages pursuant to 15 U.S.C. § 1117.

## COUNT II

## COMMON LAW TRADEMARK INFRINGEMENT

### (Lanham Act Section 43(a), 15 U.S.C. § 1125(a))

25. Plaintiff specifically realleges and incorporates herein by reference paragraphs 1 through 24 of this Complaint.

26. The acts of Defendant alleged herein, including its use of the Mark, are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant or Defendant's products with Plaintiff, and/or as to the sponsorship, or approval of Defendant's goods, services or commercial activities by Plaintiff.

27. Plaintiff has no adequate remedy at law for the foregoing wrongful conduct of Defendant, in that: (i) Defendant's actions damage and threaten to continue to damage Plaintiff's unique and valuable property, injury to which cannot adequately be compensated by monetary damages; (ii) the damages to Plaintiff from Defendant's wrongful actions are not precisely and fully ascertainable; (iii) the wrongful acts of Defendant injure and threaten to continue to injure Plaintiff's reputation and

goodwill; and (iv) the damage resulting to Plaintiff from Defendant's wrongful conduct, and the conduct itself, are continuing, and Plaintiff would be required to bring a multiplicity of suits to achieve full compensation for the injuries caused thereby.

28. Unless restrained, the foregoing wrongful acts of Defendant will continue to cause irreparable injury to Plaintiff, both during the pendency of this action and thereafter.  Plaintiff is therefore entitled to an order from this Court preliminarily and permanently enjoining Defendant and its agents, employees and others acting in concert with them, from directly or indirectly: (i) manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any product which tends to relate or connect such product in any way to Plaintiff or to any goods or services offered, provided, sold, manufactured, sponsored or approved by, or connected with Plaintiff; (ii) using any mark that is confusingly similar to the Mark; and/or (iii) making any false description or representation of origin concerning any goods offered for sale by Defendant.

29. Plaintiff is further entitled to recover damages sustained in consequence of Defendant's wrongful conduct, in an amount to be determined, and to recover attorneys' fees and costs herein.

## COUNT III

## CALIFORNIA UNFAIR COMPETITION

### (California Business and Professions Code §§ 17200, *et seq.*)

30. Plaintiff specifically realleges and incorporates herein by reference paragraphs 1 through 29 of this Complaint.

31. This Count sets forth a claim for deceptive acts and business practices and false advertising in violation of California Business and Professions Code §§ 17200, *et seq.*

32. Plaintiff is informed and believes and thereupon alleges that Defendant's commercial use of the Mark represents a willful and deliberate attempt to mislead consumers because Defendant is engaged in conduct which is causing a likelihood of confusion as to the source, sponsorship, or

approval of Defendant's goods and services, and which is creating the false impression that Defendant is somehow affiliated, connected, or associated with Plaintiff.

33. By engaging in such false and misleading advertising, Defendant has engaged in deceptive acts and business practices, and false advertising in violation of California Business and Professions Code §§ 17200, *et seq.*

34. By reason of Defendant's above-described unlawful activities, Plaintiff has sustained injury, damage and loss, and Defendant has been unjustly enriched. Plaintiff has already suffered irreparable harm, and will continue to be irreparably damaged unless this Court enjoins Defendant from continuing its unlawful acts. Plaintiff has no adequate remedy at law.

## COUNT IV

### (Unjust enrichment)

35. Plaintiff specifically realleges and incorporates herein by reference paragraphs 1 through 34 of this Complaint.

36. As a result of the conduct alleged herein, Defendant has been unjustly enriched to Plaintiff's detriment. Plaintiff seeks a worldwide accounting and disgorgement of all ill gotten gains and profits resulting from Defendant's inequitable activities.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1. On each and every Claim for Relief alleged herein, for damages according to proof;

2. On each and every Claim for Relief alleged herein, for preliminary and permanent injunctive relief as hereinabove described;

3. On each and every Claim for Relief alleged herein, for attorneys' fees and enhanced damages as provided by law;

4.   For the costs of suit herein, including reasonable attorneys' fees; and

5.   For such other, further or different relief as this Court may deem just and proper.

DATED:  October 1, 2015                              Respectfully submitted,


Donald L. Bartels
BARTELS LAW GROUP
P.O. Box 1999
San Mateo, CA 94011
Phone: (650) 477-2950
Facsimile: (650) 579-5938
Email: dbartels@bartelsiplaw.com

Attorneys for Plaintiff
MOUNTZ, INC.

1
2
## **DEMAND FOR JURY TRIAL**
3
4      Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands trial by jury of all issues so
5
triable that are raised herein or which hereinafter may be raised in this action.
6
7    DATED:  October 1, 2015                          Respectfully submitted,
8
9
                                                     Donald L. Bartels
10                                                   BARTELS LAW GROUP
                                                     P.O. Box 1999
11                                                   San Mateo, CA 94011
                                                     Phone: (650) 477-2950
12                                                   Facsimile: (650) 579-5938
                                                     Email: dbartels@bartelsiplaw.com
13
                                                     Attorneys for Plaintiff
14                                                   MOUNTZ, INC.
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

**U.S. Trademark Registration Certificate No. 2,244,332
for THE TORQUE TOOL SPECIALISTS Trademark**

Int. Cls.: 7 and 8

Prior U.S. Cls.: 13, 19, 21, 23, 28, 31, 34, 35 and 44

Reg. No. 2,244,332

## United States Patent and Trademark Office

Registered May 11, 1999

### TRADEMARK
### PRINCIPAL REGISTER

## THE TORQUE TOOL SPECIALISTS

MOUNTZ, INC. (CALIFORNIA CORPORATION)
1080 NORTH ELEVENTH STREET
SAN JOSE, CA 95112

FOR: AIR-POWERED TORQUE SCREW-DRIVERS, AIR-POWERED TORQUE WRENCH-ES AND HYDRAULIC TORQUE WRENCHES, IN CLASS 7 (U.S. CLS. 13, 19, 21, 23, 31, 34 AND 35).

FIRST USE 8–0–1992, FIRST USED IN AN-OTHER FORM IN 1977; IN COMMERCE 8–0–1992, FIRST USE IN COMMERCE IN AN-OTHER FORM IN AUGUST 1982.

FOR: HAND POWERED TORQUE SCREW-DRIVERS, HAND POWERED TORQUE WRENCHES, HAND POWERED TORQUE

MULTIPLIER WRENCHES, PRECISION TWEEZERS, GENERAL HAND TOOLS FOR AUTOMECHANICS, NAMELY, WRENCHES AND SOCKETS, IN CLASS 8 (U.S. CLS. 23, 28 AND 44).

FIRST USE 8–0–1992; IN COMMERCE 8–0–1992.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "THE TORQUE TOOL", APART FROM THE MARK AS SHOWN.

SEC. 2(F).

SER. NO. 75–356,074, FILED 9–12–1997.

ALLISON BERMAN, EXAMINING ATTORNEY

## EXHIBIT B

**Notice of Acceptance Under Sections 8 and 15 for
Registration No. 2,244,332**

Commissioner for Trademarks
P.O. Box 1451
Alexandria, VA  22313-1451
www.uspto.gov

REGISTRATION NO:  2244332     SERIAL NO:  75/356074     MAILING DATE:  01/26/2005
REGISTRATION DATE:  05/11/1999
MARK:  THE TORQUE TOOL SPECIALISTS
REGISTRATION OWNER:  MOUNTZ, INC.

CORRESPONDENCE ADDRESS:

DONALD L. BARTELS
COUDERT BROTHERS, LLP
TWO PALO ALTO SQUARE
3000 EL CAMINO REAL, 4TH FLOOR
PALO ALTO, CA 94306-2121

# NOTICE OF ACCEPTANCE
### 15  U.S.C.  Sec.  1058(a)(1)

THE COMBINED AFFIDAVIT FILED FOR THE ABOVE-IDENTIFIED REGISTRATION MEETS THE REQUIREMENTS OF
SECTION 8 OF THE TRADEMARK ACT, 15 U.S.C. Sec. 1058.

**ACCORDINGLY, THE SECTION 8 AFFIDAVIT IS ACCEPTED.**

***************************************************

# NOTICE OF ACKNOWLEDGEMENT
### 15  U.S.C.  Sec.  1065

THE AFFIDAVIT FILED FOR THE ABOVE-IDENTIFIED REGISTRATION MEETS THE REQUIREMENTS OF SECTION 15
OF THE TRADEMARK ACT, 15 U.S.C. Sec. 1065.

**ACCORDINGLY, THE SECTION 15 AFFIDAVIT IS ACKNOWLEDGED.**

***************************************************

**THE REGISTRATION WILL REMAIN IN FORCE FOR CLASS(ES):**
007, 008.

SMITH, WYE JEAN
PARALEGAL SPECIALIST
POST-REGISTRATION DIVISION
(703)308-9500

**PLEASE SEE THE REVERSE SIDE OF THIS NOTICE FOR INFORMATION**
**CONCERNING REQUIREMENTS FOR MAINTAINING THIS REGISTRATION**
ORIGINAL

**REQUIREMENTS FOR MAINTAINING A FEDERAL TRADEMARK REGISTRATION**

**I) SECTION 8: AFFIDAVIT OF CONTINUED USE**

The registration shall remain in force for 10 years, except that the registration shall be canceled for failure to file an Affidavit of Continued Use under Section 8 of the Trademark Act, 15 U.S.C. Sec. 1058, at the end of each successive 10-year period following the date of registration.

**Failure to file the Section 8 Affidavit will result in the cancellation of the registration.**

**II) SECTION 9: APPLICATION FOR RENEWAL**

The registration shall remain in force for 10 years, subject to the provisions of Section 8, except that the registration shall expire for failure to file an Application for Renewal under Section 9 of the Trademark Act, 15 U.S.C. Sec. 1059, at the end of each successive 10-year period following the date of registration.

**Failure to file the Application for Renewal will result in the expiration of the registration.**

**NO FURTHER NOTICE OR REMINDER OF THESE REQUIREMENTS WILL BE SENT TO THE REGISTRANT BY THE PATENT AND TRADEMARK OFFICE.  IT IS RECOMMENDED THAT THE REGISTRANT CONTACT THE PATENT AND TRADEMARK OFFICE APPROXIMATELY ONE YEAR BEFORE THE EXPIRATION OF THE TIME PERIODS SHOWN ABOVE TO DETERMINE APPROPRIATE REQUIREMENTS AND FEES.**

## EXHIBIT C

**Notice of Renewal Under Sections 8 and 9 for
Registration No. 2,244,332**

Side - 1



# NOTICE OF ACCEPTANCE OF §8 DECLARATION AND §9 RENEWAL
MAILING DATE: Jul 8, 2009

The declaration and renewal application filed in connection with the registration identified below meets the requirements of Sections 8 and 9 of the Trademark Act, 15 U.S.C. §§1058 and 1059. The declaration is accepted and renewal is granted. The registration remains in force.

For further information about this notice, visit our website at: http://www.uspto.gov. To review information regarding the referenced registration, go to http://tarr.uspto.gov.

**REG NUMBER:**   2244332
**MARK:**   THE TORQUE TOOL SPECIALISTS
**OWNER:**   MOUNTZ, INC.

Side - 2

UNITED STATES PATENT AND TRADEMARK OFFICE
COMMISSIONER FOR TRADEMARKS
P.O. BOX 1451
ALEXANDRIA, VA  22313-1451

FIRST-CLASS
MAIL
U.S POSTAGE
PAID

DONALD L. BARTELS
NIXON PEABODY LLP
ATTN: DOCKETING DEPT.
SUITE 900, 401 - 9TH STREET, N.W.
WASHINGTON, DC  20004-2128