UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOUNTZ, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>NORTHEAST INDUSTRIAL BOLTING AND TORQUE, LLC.,<br><br>    Defendant. | Case No. 15-cv-04538-JD (MEJ)<br><br>**REPORT & RECOMMENDATION RE: MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS**<br><br>Dkt. No. 30 |

## INTRODUCTION

Plaintiff Mountz, Inc. ("Plaintiff") filed a trademark infringement action against Defendant Northeast Industrial Bolting and Torque, LLC ("Defendant"). *See* Compl., Dkt. No. 1. Plaintiff asserted claims under the Lanham Act (15 U.S.C. §§ 1114(1), 1125(a)) and a claim under California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200). Defendant did not respond to the Complaint, and Plaintiff moved for default judgment. *See* Mot. for Default, Dkt. No. 17. On November 14, 2016, the Presiding Judge in this matter, the Honorable James Donato, adopted the undersigned's Report and Recommendation recommending that a default judgment be entered against Defendant as to each of Plaintiff's claims. Order, Dkt. No. 28; R. & R., Dkt. No. 23. The Presiding Judge also denied Plaintiff's request for fees and costs, without prejudice. Order at 1.

Now pending is Plaintiff's Motion for Award of Attorneys' Fees and Costs, which the Presiding Judge referred to the undersigned for another Report and Recommendation. Mot., Dkt. No. 30; Referral, Dkt. No. 32. Although Plaintiff served its Motion on Defendant (Dkt. No. 31), Defendant did not oppose the Motion. The undersigned finds this matter suitable for disposition without oral argument. *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7-1(b).

After carefully reviewing the Motion and controlling authorities, the undersigned issues

this Report and Recommendation.  As set forth below, the undersigned **RECOMMENDS** the District Court **GRANT** the Motion, but reduce the fees requested by Plaintiff.

## DISCUSSION

**A.     Attorneys' Fees**

   1.     Entitlement to Fees

Plaintiff seeks attorneys' fees under the Lanham Act.  Pursuant to 15 U.S.C. § 1117(a) of the Lanham Act, "[t]he court in exceptional cases may award reasonable attorneys' fees to the prevailing party."

Plaintiff is the prevailing party.  It obtained default judgment on its Lanham Act claims, and the Presiding Judge issued an injunction prohibiting Defendant from using the trademark at issue in the lawsuit, and engaging in other conduct that infringed on Plaintiff's interests in its registered trademark.  *See* Order at 1-2.  In doing so, Plaintiff "achieved a material alteration in the legal relationship of the parties that is judicially sanctioned."  *See Fifty-Six Hope Rd. Music, Ltd. v. A.V.E.L.A., Inc.*, 778 F.3d 1059, 1078 (9th Cir. 2015) (citation omitted).

"[D]istrict courts analyzing a request for fees under the Lanham Act should examine the 'totality of the circumstances' to determine if the case was exceptional. . . exercising equitable discretion in light of the nonexclusive factors identified in *Octane Fitness* and *Fogerty*, and using a preponderance of the evidence standard."  *SunEarth, Inc. v. Sun Earth Solar Power Co.*, 839 F.3d 1179, 1181 (9th Cir. 2016) (ellipses in *SunEarth*) (quoting *Octane Fitness v. ICON Health & Fitness, Inc.*, __ U.S.__, 134 S. Ct. 1749, 1756 (2014), and citing *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994)).  These nonexclusive factors include "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence."  *Octane Fitness*, 134 S. Ct. at 1756 n.6 (quoting *Fogerty*, 510 U.S. at 534)).  An exceptional case, the Supreme Court explained, "is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated."  *Id*. at 1756.  Sanctionable conduct is not the appropriate benchmark for this analysis; instead, "a district court may award fees in the rare

2

case in which a party's unreasonable conduct—while not necessarily independently sanctionable—is nonetheless so 'exceptional' as to justify an award of fees." *Id*. at 1757.  The undersigned finds Defendant's unreasonable conduct in this case is so exceptional as to justify an award of fees.

In the Complaint, Plaintiff alleged Defendant used a variation of Plaintiff's registered trademark "with the intent and purpose of trading off the goodwill" of Plaintiff's mark.  Compl. ¶¶ 13-14.  Plaintiff further alleges Defendant's infringement was made with actual or constructive notice and knowledge of Plaintiff's registered mark, and was "intentional, willful, and without regard to Plaintiff's rights." *Id*. ¶¶ 19-20.  On default judgment, the well-pleaded factual allegations of the complaint, except those relating to damages, are taken as true.  *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915-16 (9th Cir. 1987)).  Thus, Plaintiff has established that Defendant's infringement was intentional and willful.  *See also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied.").

Plaintiff also has established that Defendant's conduct after becoming aware of the litigation was egregious.[1]  After discovering Defendant's infringing use of the mark, Plaintiff sent Defendant a cease and desist letter.  Upon receiving the cease and desist letter, Defendant not only continued to use the infringing mark, but also threatened to "go after your customers and compete and under price every one of your customers, since you want to be an asshole.  Instead of giving you leads i can just take all your sales away.! . . . . Your attempt to trademark it doesn't have a leg to stand on.  We can waste money all day long with our lawyers, it makes no difference to me.  You asked for it, now you got it."  Mountz Decl. ¶ 5 & Ex. 3, Dkt. No. 17-2 (errors in original; emphasis added).  Plaintiff filed the Complaint, sent Defendant a copy of the Complaint, requested Defendant waive service, and offered to settle the matter if Defendant ceased its infringing activity and paid the attorneys' fees Plaintiff had incurred thus far.  Instead of responding to the Complaint or otherwise engaging Plaintiff, Defendant filed an application with the U.S. Patent & Trademark

---

[1] The factual background underlying these proceedings is more fully set forth in the undersigned's prior Report and Recommendation.  *See* R. & R. at 2-4.

Office ("PTO") to register its variation of the mark. *Id.* ¶ 11 & Ex. 6. The PTO refused to register Defendant's mark because it determined it would create a likelihood of confusion with Plaintiff's registered mark. *Id.* & Ex. 7.

Despite its combativeness, assertions Plaintiff's claim did not "have a leg to stand on," and threats to "take all [Plaintiff's] sales away[,]" Defendant still did not respond to the Complaint or appear in the action. Plaintiff obtained default judgment.[2]

Here, the substantive strength of Plaintiff's litigating position (considering both the governing law and the facts of the case) and the weakness of Defendant's position was established on default judgment. Defendant's response to the litigation, including the threats to Plaintiff's business, the attempt to register the offending mark with the PTO, and the failure to respond to the Complaint, was objectively unreasonable. Plaintiff established these facts by a preponderance of the evidence through the allegations of the Complaint and the declarations of Donald Bartels and Brad Mountz. *See* Bartels Decl., Dkt. No. 17-1; Mountz Decl., Dkt. No. 17-2. Granting attorneys' fees may deter Defendant from continuing to infringe Plaintiff's rights and from conducting itself in such an unreasonable manner in the future; it also compensates Plaintiff for fees it attempted to avoid through settlement negotiations with Defendant before and after it filed suit. Based on the totality of the circumstances, the undersigned recommends the Presiding Judge find that this case is so exceptional as to justify an award of fees under 15 U.S.C. § 1117(a).[3]

2.   Amount of Fee Award

Reasonable attorneys' fees are generally based on the traditional "lodestar" calculation set forth in *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). *See Fischer v. SJB–P.D., Inc.*, 214 F.3d

---

[2] In cases decided prior to *SunEarth*, courts in the Ninth Circuit awarded attorneys' fees where the complaint alleged willful infringement and default judgment had been entered. *See, e.g., Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007, 1023 (9th Cir. 2002) (affirming fee award where defendant defaulted: "by entry of default judgment, the district court determined, as alleged in [the] complaint, that [defendant's] acts were committed knowingly, maliciously, and oppressively, and with an intent to . . . injure" plaintiff); *Discovery Comms., Inc. v. Animal Planet, Inc.*, 172 F. Supp. 2d 1282, 1291-92 (C.D. Cal. 2001) (willful infringement and failure to appear resulting in default judgment were exceptional circumstances justifying attorneys' fees to plaintiff).

[3] The factual background underlying these proceedings is fully set forth in the undersigned's prior Report and Recommendation. *See* R. & R. at 2-4.

1115, 1119 (9th Cir. 2000).  A reasonable fee is determined by multiplying (1) "the number of hours reasonably expended on the litigation" by (2) "a reasonable hourly rate."  *Hensley*, 461 U.S. at 433.

### *a. Reasonableness of Hourly Billing Rate*

To determine the appropriate lodestar amount, the Court must first assess the reasonableness of counsel's claimed hourly billing rate.  *Credit Managers Ass'n of S. Cal. v. Kennesaw Life & Accident Ins. Co.*, 25 F.3d at 750.  In doing so, courts look to the prevailing market rates in the relevant community for similar work by attorneys of comparable skill, experience, and reputation.  *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008).  Generally, the relevant community is the forum where the district court sits, which in this case is the Northern District of California.  *Id.*

Here, Plaintiff has requested fees at an hourly rate of $350 for Donald Bartels and $400 for Bruce McCubbrey.  Bartels and McCubbrey each has more than 40 years of experience in intellectual property litigation.  *See* Bartels Fees Decl. ¶ 2, Dkt. No. 30-2.  Bartels is a founder of the Bartels Law Group, the firm representing Plaintiff in this action; McCubbrey is Of Counsel.  *Id*.  These rates are well in line with the billing rates for attorneys with similar qualifications in the Bay Area.  *See Livingston v. Art.com, Inc.*, 2015 WL 4319851, at *12 (N.D. Cal. Apr. 17, 2015) (court conducted own review of rates charged in intellectual property cases litigated in the Northern District of California and "determined that rates ranging from $225 to $600 are reasonable"; awarded rate of $325 per hour to solo practitioner with three years of experience (collecting cases)); *see also* Bartels Fees Decl., Ex. A (Am. Intellectual Prop. Law Ass'n 2015 Report showing average billing rate for solo practitioner in Bay Area was $412 in 2014).

### *b. Reasonableness of Hours Billed*

To allow the undersigned to assess whether the number of hours billed is reasonable, Plaintiff must submit detailed records justifying the hours that have been expended.  *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986).  The Court may reduce the hours through its discretion "where documentation of the hours is inadequate; if the case was overstaffed and hours are duplicated; [or] if hours expended are deemed excessive or otherwise unnecessary."

*Id.*

Plaintiff's counsel submitted detailed billing documentation describing the work performed on a daily basis between August 2, 2015 (when counsel first researched the basis for the complaint and the proper venue for the action), and the filing of Plaintiff's Motion for Award of Attorneys' Fees on November 28, 2016. *See* Bartels Fees Decl., Ex. B. In total, counsel seeks to recover $55,755 for 157.70 hours of work performed in this matter. The undersigned has reviewed the billing entries and for the most part finds the number of hours billed was reasonable, but finds the following was not reasonable:

- A total of 8 hours to prepare, file and serve an administrative motion to extend time for the Case Management Conferences on December 1 and 2, 2015. Administrative motions to change time on the basis the defendant has not yet appeared in the action are straight-forward documents that should not reasonably take more than 2 hours. The undersigned accordingly recommends reducing the time requested by 6 hours for purposes of this fee award.
- More than 57 hours to research, prepare, and file the Motion for Default Judgment and supporting documents between June 23, 2015 and August 25, 2016. (This does not include the time counsel spent responding to the undersigned's request for supplemental briefing.) The undersigned's Notice re: Default Judgment Procedures (Dkt. No. 14) provided an outline for counsel to follow, identifying the relevant legal standards and explaining the analysis that counsel needed to provide. The Motion was well-drafted, but did not require Counsel, who have expertise in intellectual property law, to brief complex or novel issues of law. Counsel compiled documents and submitted effective declarations in support of the Motion, and these no doubt took time to gather and describe, but the undersigned finds the total amount of time counsel took to be excessive for purposes of seeking a fee award. The undersigned therefore recommends reducing the amount of time requested in connection with the Motion by 27.5 hours, from 57.5 hours to 30 hours.

Donald Bartels performed the work on these two documents (Bartels Fees Decl., Ex. B); his hourly rate is $350. The recommended reduction amounts to $11,725 in fees sought by Plaintiff.

        *c.   Summary*

Based on the foregoing, the undersigned RECOMMENDS the District Court award Plaintiff attorneys' fees in the amount of $44,050.

**B.   Costs**

Within fourteen days of the Presiding Judge's Order adopting the undersigned's Report and Recommendation, Plaintiff requested reimbursement of the costs it incurred in prosecuting this action pursuant to Federal Rule of Civil Procedure 54(d). Plaintiff seeks costs in the amount of $569.95, representing the Court's $400 filing fee and $169.95 for process of service. Bartels Fees Decl. ¶ 5. The undersigned has reviewed the costs and finds they are recoverable pursuant to L.R. 54-3(a)(1) and (2), and reasonable. Accordingly, the undersigned RECOMMENDS the District Court GRANT the request for an award of costs in the amount of $569.95.

## CONCLUSION

Based on the above analysis, the undersigned RECOMMENDS the District Court find this case exceptional under 15 U.S.C. § 1117(a), and award Plaintiff $44,050 in attorneys' fees. The undersigned also RECOMMENDS the District Court award Plaintiff $569.95 in costs pursuant to L.R. 54-3.

Plaintiff shall serve a copy of this Report and Recommendation upon Defendant. Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2), a party may serve and file any objections within 14 days after being served.

**IT IS SO RECOMMENDED.**

Dated: January 27, 2017

_____
MARIA-ELENA JAMES
United States Magistrate Judge